IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOHNATHAN MUDGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:23-cv-159-BR |
| | § | |
| RIVERSIDE TRANSPORTATION, INC., | § | |
| RIVERSIDE TRANSPORT, INC., *and* | § | |
| RENA TALTON, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO STRIKE OPINIONS OF PLAINTIFF'S EXPERT DR. WINSTON MORRIS

In this personal injury case, Plaintiff seeks to recover for injuries allegedly resulting from an automotive collision that occurred October 5, 2021. (ECF 1-3 at 6).[1] Defendants collectively move the Court to exclude testimony from one of Plaintiff's treating physicians, Dr. Winston Morris, a family medicine practitioner. (*See generally* ECF 95). Plaintiff has designated Dr. Morris as a non-retained expert who

> [w]ill testify concerning Plaintiff's injuries, past and future medical expenses and treatment, impairment, limitations, restrictions, disfigurement, mental anguish, emotional distress, pain and suffering, authenticity of medical records and bills, reasonableness of medical expenses and necessity of treatment, any prior or pre-existing physical, medical, or mental conditions, and mechanism and causation of injury.

(ECF 45-1 at 2–3). Having considered the parties' filings and the applicable law, for the following reasons, Defendants' Motion is DENIED.

---

[1] The Court has issued a summary judgment ruling in this diversity case, and has found there is sufficient evidence in the record to support its exercise of subject matter jurisdiction at this stage of proceedings. (ECF 118 at 9).

## I.   APPLICABLE LAW

Generally, witnesses in federal cases are only permitted to testify on matters of which they have personal knowledge. FED. R. EVID. 602. Such testimony can take the form of an opinion, but most of the time, among other restrictions, the opinion must not be "based on scientific, technical or other specialized knowledge[.]" *Id.* at 701(c). To offer an opinion[2] based on specialized knowledge—an "expert opinion"—certain standards must be met.

The first is that the person offering the expert opinion must be "qualified as an expert by knowledge, skill, experience, training, or education[.]" *Id.* at 702. Moreover, the trial court must find it "more likely than not that the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue[.]" *Id.* at 702(a). Finally, the expert opinion must be "based on sufficient facts or data; . . . [be] the product of reliable principles and methods; and . . . [must reflect] a reliable application of the principles and methods to the facts of the case." *Id.* at 702(b)–(d).

An expert opinion can be based on "facts or data in the case that the expert has been made aware of or personally observed." *Id.* at 703. Those facts or data do not need to be admissible as evidence themselves, provided they are the kind of facts and data on which "experts in the particular field would reasonably rely . . . in forming an opinion on the subject[.]" *Id.* Even if the facts or data are themselves admissible, a witness does not need to testify about them before offering the expert opinion, though they may be required to testify about them under cross-examination. *Id.* at 705.

---

[2] These rules also apply to factual testimony based on specialized knowledge—they are not restricted to opinions or conclusions. *See* FED. R. EVID. 702 ("A witness who is qualified as an expert . . . may testify in the form of an opinion *or otherwise*[.]") (emphasis added). The Court refers to all testimony based on scientific, technical, or other specialized knowledge as "expert opinion" in the interest of simplicity.

If a party plans to elicit an expert opinion from a witness, that party must disclose the identity of the witness to the other parties during discovery. FED. R. CIV. P. 26(a)(2)(A). If the witness is one specifically retained by the party to offer the expert opinion, the disclosure must include a written report. *Id.* at 26(a)(2)(B). If the witness was not retained for the purposes of providing expert opinions, however, the disclosure need only include "the subject matter on which the witness is expected to present" expert opinions and "a summary of the facts and opinions to which the witness is expected to testify." *Id.* at 26(a)(2)(C)(i)–(ii).

If testimony from a deposition is going to be used in a trial or hearing, it must be admissible under the rules of evidence, the same as if the testimony were being given live from the stand. FED. R. CIV. P. 32(a)(1)(B). In other words, if a deponent offers an expert opinion, it cannot be presented as an expert opinion at trial unless the deponent and the opinion satisfy the requirements above. If the expert opinion is admissible, however, there are circumstances in which the deposition testimony can be offered in lieu of calling the witness to testify live from the stand— for example, if the witness is located more than 100 miles from the place of the court proceeding. *Id.* at 32(a)(4)(B).

The landmark Supreme Court decision on expert witnesses is *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Applying an earlier version of the applicable rules, which have since been amended in part to adopt the principles of *Daubert* and its progeny, the Supreme Court emphasized the role of the trial judge in screening out irrelevant and unreliable testimony and evidence. *Id.* at 589.

The Fifth Circuit has emphasized that this role cannot be abdicated by admitting opinions that lack a sufficient basis in facts or data, or that fail to reliably apply appropriate methods, pursuant to a mere "glance at the expert's credentials[.]" *Harris v. FedEx Corp. Servs.*, 92 F.4th 286, 303 (5th Cir. 2024) (quoting *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010)).

The inquiry demanded of the Court is a "flexible" one, however, and the trial court has "broad discretion" in performing it. *Daubert*, 509 U.S. at 594, *and Harris*, 92 F.4th at 303–04 (quoting *Adams v. Mem'l Hermann*, 973 F.3d 343, 352 (5th Cir. 2020)).

Importantly, the question of admissibility is not about whether the testimony is correct or true. That is a matter reserved for the factfinder at trial. *United States v. Hodge*, 933 F.3d 468, 478 (5th Cir. 2019) (citing *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996) *and Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)). As such, questions of the weight carried by an expert opinion, or the relative degree of expertise possessed by a qualified witness, are not determinative when deciding the admissibility of an expert opinion. *See, e.g.*, *Am. Can! v. Arch Ins. Co.*, 597 F. Supp. 3d 1038, 1044–45 (N.D. Tex. 2022) (citing *Huss v. Gayden*, 571 F.3d 442, 455 (5th Cir. 2009)).

## II.    DR. MORRIS' DEPOSITION

Dr. Morris' deposition occurred by video teleconference[3] on March 28, 2025. (ECF 100 at 5).[4] According to his testimony and his curriculum vitae, he holds a Bachelor of Arts degree in Biology from the University of South Florida, and he graduated as a Doctor of Medicine from the Medical University of South Carolina in 1997. (ECF 100 at 79). He completed family medicine residencies in 2004, and he is certified by the American Board of Family Practice. (*Id.*).

Plaintiff elicited testimony from him regarding the anatomy of the spine, including the grouping of vertebrae, the nature and function of spinal discs, and the nature, causes, and

---

[3] Dr. Morris resides in Columbia, South Carolina, while the attorneys for Plaintiff and for Defendants are based in El Paso and Dallas, Texas, respectively. (ECF 100 at 9).

[4] Evidentiary citations to the record in this Order are to the Appendix to Plaintiff's Response, (ECF 100). At the time Defendants filed their motion, the final deposition transcript was not yet available, so Defendant's Appendix is entirely comprised of excerpts from the draft transcript. (ECF 97). The deposition transcript was finalized in time for Plaintiff to include it in his Appendix, and the sections filed by Plaintiff encompass the sections filed by Defendants. Page numbers cited in this Order are not to the page number of the deposition transcript, but are rather to the number of the page within Plaintiff's Appendix.

symptoms of spinal disc injuries. (*Id.* at 17–20). Plaintiff also introduced depictions of the human brain and nervous system, eliciting testimony about their nature, their interactions, and the nature, diagnosis, causes, and symptoms of traumatic brain injuries. (*Id.* at 20–26).

In response to questions from Defendants, Dr. Morris testified that he is not an orthopedic specialist, an orthopedic surgeon, an expert on the central nervous system or brain, an expert on traumatic brain injuries, a psychiatrist, or a psychologist. (*Id.* at 41–42, 49). Defendants also highlight ways in which Dr. Morris qualified his responses to Plaintiff's questions, including, "I'm not a specialist in cervical spinal conditions," and that the parts of the brain and their functions are "literally outside of my purview[.]" (*Id.* at 19, 22).

When asked by Defendants, Dr. Morris clarified that any opinions offered in his deposition were within his scope as a family physician. (*Id.* at 51). He also stated that he had not been the doctor to diagnose Plaintiff with any condition related to the accident at issue in this lawsuit, and that he had not diagnosed Plaintiff with any back issues, anxiety, PTSD, or depression. (*Id.* at 52–53, 63, 67). To the extent that he formed any expert opinions about Plaintiff's medical conditions, he relied primarily on Plaintiff's own statements and on medical records created by Dr. Morris' own practice or received from other healthcare providers. (*Id.* at 52–53).

### III. ANALYSIS

Dr. Morris offered some testimony based on scientific, technical, and otherwise specialized knowledge. For such testimony to be admissible in court proceedings, Dr. Morris must be "qualified as an expert by knowledge, skill, experience, training, or education[.]" FED. R. EVID. 702. Dr. Morris' medical education and significant experience as a doctor of family medicine satisfy this requirement.

Next, the Court must determine whether it is "more likely than not that the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the

evidence or to determine a fact in issue[.]" *Id.* at 702(a). Dr. Morris' medical knowledge is more likely than not to assist the jury in this case with understanding medical evidence and deciding on relevant medical facts. Thus, his testimony satisfies this requirement as well.

Finally, the opinions he offers in this case must be "based on sufficient facts or data; . . . [be] the product of reliable principles and methods; and . . . [must reflect] a reliable application of the principles and methods to the facts of the case." *Id.* at 702(b)–(d). Dr. Morris' testimony regarding medical facts in the abstract clearly satisfy this test; his understanding of the nature and function of the human brain, spine, and nervous system are based in his medical training. The relative weight of this testimony, considering, for example, his lack of specialization, is for the jury to decide.

Similarly, Dr. Morris' testimony regarding Plaintiff's medical condition is based on his own experience treating the Plaintiff, including his review of Plaintiff's own statements and medical records, in keeping with Dr. Morris' medical training. This is sufficient for his testimony to be admissible. If Defendants wish to challenge Dr. Morris' reliance on diagnoses determined by other medical providers, they can do so at trial by "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof[.]" *See Daubert*, 509 U.S. at 596.

### IV. CONCLUSION

Plaintiff has shown that Dr. Morris is qualified as an expert, and that it is more likely than not his specialized knowledge will assist the factfinder. He has also shown that Dr. Morris' opinions are based on sufficient data, are the product of reliable principles and methods, and reflect a reliable application of the principles and methods. Accordingly, Defendants' Motion to Strike (ECF 95) is DENIED.

IT IS SO ORDERED.

ENTERED August 4, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE